United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21063
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY RAY WASHINGTON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-829-ALL
--------------------

Before JOLLY, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Tony Ray Washington appeals the sentence imposed on remand
for resentencing following his conviction for being a felon in
possession of a firearm.  He argues that:  the sentence imposed
by the district court violated his due process rights because the
sentence was vindictive, the district court erred by adding a
six-level increase to his total offense level based on facts not
proven at trial nor stipulated to by him, the district court
erred in denying his motion to suppress the evidence, the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred by adding a four-level increase to his total offense level pursuant to U.S.S.G. § 2K2.1(b)(5), and the evidence was insufficient to support his conviction.

Washington may not bring a vindictiveness claim because his sentence on remand is lower than his original sentence. See United States v. Moore, 997 F.2d 30, 38 (5th Cir. 1993). Washington's argument regarding the increase in his total offense level, which is based on the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004), is foreclosed by this court's decision in United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), petition for cert. filed, (U.S. July 14, 2004) (No. 03- 30437). The "law of the case" doctrine precludes review of his remaining arguments. See United States v. Becerra, 155 F.3d 740, 752 (5th Cir. 1998). Accordingly, the judgment is AFFIRMED.